**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

|  |  |
|---|---|
| Anita Jackson, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Hunter Warfield, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Anita Jackson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Anita Jackson ("Plaintiff"), is an adult individual residing in Dayton, Ohio, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Hunter Warfield, Inc. ("Hunter"), is a business entity located in Bethesda, Maryland, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Hunter and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.       Hunter at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

7.       Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.       The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.       The Debt was purchased, assigned or transferred to Hunter for collection, or Hunter was employed by the Creditor to collect the Debt.

10.      Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Hunter Engages in Harassment and Abusive Tactics**

11.      In or around April 2016, Hunter began calling Plaintiff in an attempt to collect the Debt.

12.      During a phone conversation, Plaintiff asked Hunter to send her a letter regarding the Debt.

13.      In response, Hunter questioned why Plaintiff needed a letter. In addition, Hunter ultimately failed to send Plaintiff any written correspondence regarding the Debt.

14.      Thereafter, Hunter spoke with Plaintiff on or about May 21, 2016.

15.      Despite already having a good number at which to reach Plaintiff, Hunter placed a call to Plaintiff's mother on or about May 25, 2016.

**C. Plaintiff Suffered Actual Damages**

16.      Plaintiff has suffered and continues to suffer actual damages as a result of

Defendants' unlawful conduct.

17. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted Plaintiff's mother for a purpose other than to confirm or correct location information.

20. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with Plaintiff's mother regarding the Debt.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with collection of the Debt.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff a letter within five days of its initial contact with Plaintiff.

25. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

26. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 30, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF